# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DAVID HERNANDEZ, | ) | 1:10-cv-01863-JLT HC |
| Petitioner, | ) | |
| | ) | ORDER DENYING PETITIONER'S MOTION |
| v. | ) | TO COMPEL RESPONSE (Doc. 6) |
| | ) | |
| | ) | ORDER DENYING PETITIONER'S MOTION |
| J. T. OCHOA, Warden, | ) | REQUIRING RESPONSE (Doc. 7) |
| | ) | |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On July 27, 2010, Petitioner filed his petition in the United States District Court for the Central District of California. (Doc. 1). On July 28, 2010, the United States Magistrate Judge handling the case in the Central District ordered the case transferred to this Court. (Doc. 3). On October 6, 2010, Petitioner filed his motion to compel a response to the petition, noting that he had not been notified of the status of the case. (Doc. 6). For reasons that are not clear, the Central District did not transfer the case to this Court until October 8, 2010. (Doc. 4). On October 12, 2010, Petitioner filed a second motion for an order requiring a response to the petition. (Doc. 7). Again, Petitioner notes that he has not been advised of the status of his case.

Petitioner needs to understand that case management in this Court proceeds in the order

in which the cases are received.  Obviously, this Court cannot issue orders in a habeas case until that case has actually been transferred to or filed in the Court.  Moreover, this Court's docket is comprised of an enormous number of prisoner cases.  The Court has literally hundreds of habeas corpus and prisoner civil rights cases on its docket, each of which requires the Court's individualized attention.  The Court is well aware of the existence of Petitioner's case.  However, due to the heavy caseload of the Court, and the Court's diligent handling of each individual case, initial screening of each petition and, if appropriate, a resulting decision on the merits often takes time.  Petitioner's case will be ruled on in due course.

With respect to Petitioner's implicit request for a status report as to his petition, as noted in the Litigant Letter served on Petitioner shortly after the Petition was transferred to this Court, the Court will **not** respond to individual inquires regarding the status of a particular case.  Indeed, if the Court responded, as it has been forced to do in this instance, to every inquiry made by the numerous inmates now parties to proceedings in this Court, the Court would spend all of its time responding to those inquiries and none of its time actually addressing the serious issues raised by those inmates.  Accordingly, the Court does not issue status reports.  Petitioner was informed that the Court would notify him as soon as any action is taken in his case and that as long as Petitioner keeps the Court informed of his current address, he will receive all decisions that might affect the status of his case.

Accordingly, the motions for an order requiring a response (Docs. 6 & 7), are DENIED.

IT IS SO ORDERED.

Dated:   **October 14, 2010**                              **/s/ Jennifer L. Thurston**
                                                          UNITED STATES MAGISTRATE JUDGE