Case 1:10-cv-01863-JLT   Document 19   Filed 03/22/11   Page 1 of 9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID HERNANDEZ, | 1:10-cv-01863-JLT HC |
| Petitioner, | ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION FOR |
| v. | WRIT OF HABEAS CORPUS (Doc. 15) |
| J. T. OCHOA, Warden, | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE FILE |
| Respondent. | ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY |

**PROCEDURAL HISTORY**

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant federal petition for writ of habeas corpus was filed on July 1, 2010, in the United States District Court for the Central District of California.[1] (Doc. 1). The

---

[1] In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988). The rule is premised on the pro se prisoner's mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to his." Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see, Houston, 487 U.S. at 271, 108 S.Ct. at 2382. The Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the AEDPA. Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000), *amended* May 23, 2001, *vacated and remanded on other grounds sub nom*. Carey v. Saffold, 536 U.S. 214, 226 (2002); Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th cir. 2003); Smith v. Ratelle, 323 F.3d 813, 816 n. 2 (9th Cir. 2003). The date the petition is signed may be considered the earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule. Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003). Accordingly, for all of Petitioner's state petitions and for the instant federal petition, the Court will consider the date of signing of the petition (or the date of signing of the proof of service if no signature appears

1   case was transferred to this Court on October 8, 2010.  (Doc. 4).   On October 29, 2010, the Court
2   ordered Respondent to file a response.  (Doc. 11).   On December 28, 2010, Respondent filed the
3   instant motion to dismiss, contending that the petition was untimely.  (Doc. 15).
4       On October 18, 2010, Petitioner filed his written consent to the jurisdiction of the United
5   States Magistrate Judge for all purposes.  (Doc. 9).  On December 27, 2010, Respondent filed his
6   written consent to the jurisdiction of the United States Magistrate Judge for all purposes.  (Doc. 14).

**DISCUSSION**

A.  Procedural Grounds for Motion to Dismiss

    As mentioned, Respondent has filed a motion to dismiss the petition as being filed outside the one year limitations period prescribed by Title 28 U.S.C. § 2244(d)(1).  Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ."  Rule 4 of the Rules Governing Section 2254 Cases.

    The Ninth Circuit has allowed Respondent's to file a motion to dismiss in lieu of an Answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a Respondent can file a Motion to Dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

    In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one year limitation period.  Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal Answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

---

28  on the petition) as the earliest possible filing date and the operative date of filing under the mailbox rule for calculating the running of the statute of limitation.  Petitioner signed the instant petition on July 1, 2010.  (Doc. 1, p. 7).

2

B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).  The instant petition was filed on July 1, 2010, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final.  Here, the Petitioner was convicted on January 7, 2008 of escape without force and sentenced to a prison term of 4 years, to be served consecutive to the prison term he was already serving.  (Doc. 1, p. 2; Doc. 15, Lodged Document ("LD") 1).  Petitioner did not appeal his sentence or conviction.  (Id., p. 3).

3

1    California state law governs the period within which prisoners have to file an appeal and, in
2 turn, that law governs the date of finality of convictions. See, e.g., Mendoza v. Carey, 449 F.3d
3 1065, 1067 (9th Cir. 2006); Lewis v. Mitchell, 173 F.Supp.2d 1057, 1060 (C.D. Cal. 2001)(California
4 conviction becomes final 60 days after the superior court proceedings have concluded, citing prior
5 Rule of Court, Rule 31(d)).  Pursuant to California Rules of Court, Rule 8.308(a), a criminal
6 defendant convicted of a felony must file his notice of appeal within sixty days of the rendition of
7 judgment.  See People v. Mendez, 19 Cal.4th 1084, 1086, 969 P.2d 146, 147 (1999)(citing prior Rule
8 of Court, Rule 31(d)).  Because Petitioner did not file a notice of appeal, his direct review concluded
9 on March 7, 2008, when the sixty-day period for filing a notice of appeal expired.  The one-year
10 period under the AEDPA commenced the following day, on March 8, 2008, and Petitioner had one
11 year from that date, or until March 7, 2009, within which to file his federal petition for writ of habeas
12 corpus.  See Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir.2001).  As mentioned previously, the
13 instant petition was filed on July 1, 2010, almost sixteen months after the one-year period expired.
14 Thus, unless Petitioner is entitled to some form of tolling, the petition is untimely.[2]

15        C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

16    Under the AEDPA, the statute of limitations is tolled during the time that a  properly filed
17 application for state post-conviction or other collateral review is pending in state court.  28 U.S.C.
18 § 2244(d)(2).  A properly filed application is one that complies with the applicable laws and rules
19 governing filings, including the form of the application and time limitations.  Artuz v. Bennett, 531
20 U.S. 4, 8, 121 S. Ct. 361 (2000).  An application is pending during the time that 'a California
21 petitioner completes a full round of [state] collateral review," so long as there is no unreasonable
22 delay in the intervals between a lower court decision and the filing of a petition in a higher court.
23 Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized
24 by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations

---

[2]In his opposition to the motion to dismiss, Petitioner contends that the one-year period does not commence until after the expiration of the ninety-day period for filing a petition for writ of certiorari in the United States Supreme Court.  (Doc. 17, p. 6).  Petitioner is correct insofar as the rule applies to the termination date of direct review *when the petitioner has filed a direct appeal from his conviction*.  Here, Petitioner and Respondent both agree, and the record confirms, that Petitioner did not file a direct appeal of his guilty plea, conviction, and sentence. Thus, Petitioner's direct appeal ended on March 8, 2008, for the reasons already discussed above.

omitted); see Evans v. Chavis, 546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold, 536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

Nevertheless, there are circumstances and periods of time when no statutory tolling is allowed. For example, no statutory tolling is allowed for the period of time between finality of an appeal and the filing of an application for post-conviction or other collateral review in state court, because no state court application is "pending" during that time. Nino, 183 F.3d at 1006-1007; Raspberry v. Garcia, 448 F.3d 1150, 1153 n. 1 (9th Cir. 2006). Similarly, no statutory tolling is allowed for the period between finality of an appeal and the filing of a federal petition. Id. at 1007. In addition, the limitation period is not tolled during the time that a federal habeas petition is pending. Duncan v. Walker, 563 U.S. 167, 181-182, 121 S.Ct. 2120 (2001); see also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16, 2002). Further, a petitioner is not entitled to statutory tolling where the limitation period has already run prior to filing a state habeas petition. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001). Finally, a petitioner is not entitled to continuous tolling when the petitioner's later petition raises unrelated claims. See Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006).

Here, the documents lodged by Respondent in conjunction with the motion to dismiss establish that Petitioner filed the following state habeas petitions in connection with his 2008 conviction: (1) filed in the Superior Court of the County of Mariposa on April 22, 2009, and denied on June 9, 2009 (LD 2, 3); (2) filed in the California Court of Appeal, Fifth Appellate District on July 14, 2009 and denied on December 22, 2009 (LD 4, 5); and (3) filed in the California Supreme Court on December 28, 2009 and denied on June 23, 2010. (LD 6, 7).

Unfortunately, even assuming that all three state petitions were "properly filed" within the meaning of the AEDPA, they do not afford Petitioner any additional statutory tolling because they were filed after the one-year period had expired. A petitioner is not entitled to tolling where the limitations period has already run prior to filing a state habeas petition. Green v. White, 223 F.3d

1001, 1003 (9th Cir. 2000); Jiminez v. Rice, 276 F.3d 478 (9th Cir. 2001);  see Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)(same); Ferguson v. Palmateer, 321 F.3d 820 (9th Cir. 2003)("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jackson v. Dormire, 180 F.3d 919, 920 (8th Cir. 1999) (petitioner fails to exhaust claims raised in state habeas corpus filed after expiration of the one-year limitations period).  Here, as mentioned, the limitations period expired on March 7, 2009, approximately six weeks *before* Petitioner filed his first state habeas petition. Accordingly, he cannot avail himself of the statutory tolling provisions of the AEDPA for those three petitions.  Unless Petitioner is entitled to equitable tolling, the petition is untimely.

      D.  Equitable Tolling

The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to equitable tolling in appropriate cases. See Holland v. Florida, __U.S.__, 130 S.Ct. 2549, 2561 (2010); Calderon v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997).  The limitation period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time."  Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted).  "When  external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate."  Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."   Holland, 2010 WL 2346549 at *12; Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation omitted).  As a consequence, "equitable tolling is unavailable in most cases." Miles, 187 F. 3d at 1107.

In his opposition to the motion to dismiss, Petitioner contends that he is entitled to equitable tolling because (1) the prison law libraries to which he had access were inadequate; (2) he is unschooled in the law and was unable to enlist the services of an inmate legal assistant; (3) Petitioner

acted with diligence; and (5) courts must liberally construe inmate habeas petitions.  (Doc. 17, pp. 4-9).  For the reasons set forth below, none of these factors entitle Petitioner to equitable tolling.

A petitioner's ignorance of the law or even his illiteracy is not a proper ground for equitable tolling.  Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); see, e.g., Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir.1986) (pro se prisoner's illiteracy and lack of knowledge of law unfortunate but insufficient to establish cause);  Fisher v. Johnson, 174 F.3d 710 (5th Cir. 1999); Rose v. Dole, 945 F.2d 1331, 1335 (6th Cir.1991).

Moreover, the limitations inherent in a prison law library in terms of legal resources and access are also insufficient to establish equitable tolling.  Unpredictable lockdowns or library closures do not constitute extraordinary circumstances warranting equitable tolling. See United States v. Van Poyck, 980 F.Supp. 1108, 1111 (C.D.Cal.1997) (inability to secure copies of transcripts from court reporters and lockdowns at prison lasting several days and allegedly eliminating access to law library were not extraordinary circumstances and did not equitably toll one-year statute of limitations); Atkins v. Harris, 1999 WL 13719, *2 (N.D.Cal. Jan.7, 1999) ("lockdowns, restricted library access and transfers do not constitute extraordinary circumstances sufficient to equitably toll the [AEDPA] statute of limitations. Prisoners familiar with the routine restrictions of prison life must take such matters into account when calculating when to file a federal [habeas] petition.... Petitioner's alleged lack of legal sophistication also does not excuse the delay."); Giraldes v. Ramirez-Palmer, 1998 WL 775085, *2 (N. D.Cal.1998) (holding that prison lockdowns do not constitute extraordinary circumstances warranting equitable tolling).

The reason why none of these factors entitle an inmate to equitable tolling is simply because they are not "extraordinary" circumstances.  Petitioner's indigent status, his limited legal knowledge, and the vagaries of accessing prison law libraries or obtaining current legal materials therefrom, are complaints common to the vast majority of incarcerated prisoners attempting to file petitions for writ of habeas corpus.  Therefore, by definition these circumstances are not extraordinary and do not justify equitable tolling.  If limited resources and a lack of legal knowledge were adequate justifications for not complying with the limitations period, Congress would have never enacted the AEDPA's one-year period since most incarcerated prisoners share these same problems.  Thus, the

limitations period will not be equitably tolled on these grounds.

Petitioner's claim that he nevertheless acted diligently is simply self-serving and without a basis in the record now before the Court. As equitable tolling applies only where prisoner has diligently pursued claims, but has in some "extraordinary way" been prevented from asserting his rights, the Court must consider Petitioner's diligence in pursuing his claims. Petitioner himself has acknowledged that he did not file his petition within the one-year AEDPA period. Having failed to present any evidence of entitlement to either statutory or equitable tolling under the AEDPA, it defies logic that he could nevertheless have acted with diligence. While Petitioner's arguments suggest that, like virtually every other state inmate attempting to file a pro se federal habeas petition, Petitioner faced difficulties and obstacles in negotiating his way through the legal system, absolutely nothing in the record suggests that Petitioner was prevented from diligently pursuing his state remedies in a timely manner and thereafter timely filing the instant petition. A petitioner who fails to act diligently cannot invoke equitable principles to excuse his lack of diligence. See Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151 (1984); see, also, Miles, 187 F.3d at 1107.

Finally, Petitioner's contention that district courts must liberally construe habeas petitions, while correct, is irrelevant to the Court's timeliness analysis. The Court is unaware of, and Petitioner does not cite, any case authority for the proposition that district courts must liberally construe the facts concerning timeliness in favor of a state prisoner. If a timely petition is reviewed on the merits, the Court will, of course, conduct that review mindful of the admonition to liberally construe a pro se petition. However, Petitioner has not shown that he is entitled to a merits review because he has not shown that the petition was timely under the AEDPA. Accordingly, the Petition must be dismissed.

Moreover, the Court declines to issue a certificate of appealability. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-336 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a

```
warrant to remove to another district or place for commitment or trial a person charged with a
criminal offense against the United States, or to test the validity of such person's detention
pending removal proceedings.
(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not
be taken to the court of appeals from--
    (A) the final order in a habeas corpus proceeding in which the detention
    complained of arises out of process issued by a State court;  or
    (B) the final order in a proceeding under section 2255.
(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made
a substantial showing of the denial of a constitutional right.
(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or
issues satisfy the showing required by paragraph (2).
```

If a court denied a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further'." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (*quoting* Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Accordingly, the Court DECLINES to issue a certificate of appealability.

## ORDER

For the foregoing reasons, the Court HEREBY ORDERS:

1. Respondent's motion to dismiss (Doc. 15), is GRANTED;

2. The petition for writ of habeas corpus (Doc. 1), is DISMISSED as untimely;

3. The Clerk of the Court is DIRECTED to enter judgment and close the file; and,

4. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **March 21, 2011**                                    /s/ Jennifer L. Thurston
                                                          UNITED STATES MAGISTRATE JUDGE